CASE 6.—MANDAMUS BY R. T. KENNON AGAINST ROBERT
BLACKBURN, CLERK OF THE COUNTY COURT,
TO COMPEL HIM TO ISSUE A LIQUOR LICENSE.—
October 31.

## Kennon v. Blackburn, Clerk

Appeal from Powell Circuit Court.

J. M. BENTON, Circuit Judge.

From a judgment dismissing his petition the plaintiff appeals—Reversed.

1. Intoxicating Liquors—Local Option—Mandamus to Compel
Issuance of License—Collateral Attack.—A local option election resulting in favor of liquor selling, not having been
attacked in the manner prescribed by the statute, can not be
collaterally attacked in mandamus to compel the county
clerk to issue a license to petitioner.

2. Same—Effect of Adoption.—Under Ky. Stats., 1903, section
2554, which provides for local option elections, Clay City, in
Powell county, in 1896, voted for liquor selling, and
Powell county, in 1905, voted against it. Ky. Stats., 1903,
section 2560, provides that, even though the county votes
against liquor selling, yet it shall be lawful to sell liquors in
a city of the county, where, previous to the county election,
the city voted for liquor selling, unless the majority of the
city's voters at the county election voted against the sale.
In January, 1907, Clay City issued a license to petitioner, but
the Powell county clerk refused to issue him the State
license. The record does not show how the voters of Clay
City voted in the county election. Held, That the county
election did not affect the right to sell liquor in Clay City,
and hence petitioner was entitled to have the county
clerk issue him a license, upon payment of the requisite fee.

HENRY WATSON, attorney for appellant.

The power to grant a license to retail spirituous, vinous and

malt liquors, is vested in the city council of Clay City, and all the county clerk is required to do or know, is to know that the city council has passed on the question and issued a· license, as they did in this case. (Koch v. Comth., 27 Ky. Law Rep., 122; Adams v. Stephens, 88 Ky., 443; Cooper, County Clerk, v. Shelton, 97 Ky., 282.)

JOHN D. ATKINSON, attorney for appellee.

Under the local option law, a city embraced within a county which has voted against the sale of liquor therein, is controlled in the matter by that vote, unless a separate election on the question is held in the· city, resulting differently from the election held in the county. (Cooper, County Clerk, v. Shelton, 97 Ky., 282; Comth. v. King, 86 Ky., 436; Smith, etc., v. Patton, etc., 103 Ky., 444.)

OPINION OF TKE COURT BY JUDGE CARROLL—Reversing.

In January, 1907, appellant made application to .the board of council of Clay City, a city of the fifth class, for license to sell spirituous, vinous, and malt liquors by retail at his place of business in the city, and paid to the city treasurer the amount of the license tax demanded. Thereafter he presented to appellee, the county clerk of Powell county, the license issued to him by the city, and tendered the full amount of the license required by the State for the sale of such liquors, and demanded a license, which the clerk refused to issue. Thereupon he brought this suit, asking that a writ of mandamus issue against appellee, as clerk, directing him, upon the payment of the requisite license fee, to issue a license. The petition was dismissed, and he appeals.

A local option election was held in Clay City in September, 1896, and at this election a majority voted in favor of the sale of spirituous, vinous, and malt liquors. The result of the election was certified

to by the canvassing board, and the certificate appears to have been entered on the records of the Powell county court at its October term. In January, 1905, an election was held in Powell county, and each precinct thereof, for the purpose of taking the sense of the legal voters upon the proposition whether or not spirituous, vinous, and malt liquors should be sold in Powell county. This election resulted in a majority of the votes being cast against the sale; and, proceeding upon the theory that the election in 1905 annulled the election in Clay City in 1896, the clerk refused to issue the license. In his answer, he assails the validity of the election held in 1896; but, as this election was not contested in the manner provided in the statute, it cannot be attacked in this collateral proceeding.

The only question to be determined is: What effect did the election held in Powell county in 1905 have upon the election held in Clay County alone in 1896? The statute in force in 1896 and 1905 provided in section 2554 of the Kentucky Statutes of 1903, that "upon application by petition signed by a number of the legal voters in each precinct in the territory to be affected * * * it shall be the duty of the county judge of such county at the next regular election thereof after receiving said petition to make an order on his order book directing an election to be held in the said county, city, town, district or precinct, as the case may be." Under authority of this section, the election in Clay City and in Powell county was held. Section 2560 provides that "if, at any election held for an entire county, it shall be found that a majority of the legal votes cast at said election are in favor of the sale, barter or loan of spirituous, vinous and malt liquors, then, in that event, it shall not be lawful

to sell, barter or loan any such liquors in any portion of said county where such sale, barter or loan has been prohibited by special act of the Legislature; but such act shall continue in force as if no election had been held; nor shall it be lawful to sell, barter or loan any such liquors in any city, town, district, or precinct in said county where, previous to said election, such city, town, district or precinct had already, by vote, prohibited such sale, barter or loan, unless a majority of those voting in a precinct or precincts, town or towns, city or cities, in which the sale, loan or barter shall be prohibited, vote in favor of such sale, loan or barter, then in the precincts, towns or cities so voting, such sale, loan or barter shall no longer be prohibited; and if, at any election held for the county at large, it shall be found that a majority of the legal votes cast at said election are against the sale, barter or loan of spirituous, vinous and malt liquors therein, yet it shall be lawful to sell such liquors in any city, town, district or precinct in said county where, previous to such election, any city, town, district or precinct had already, by vote, voted in favor thereof, unless a majority of the legal voters voting in such city, town, district or precinct at such election vote against the sale, barter or loan thereof, in which event it shall no longer be continued.''

Under this section, at an election held for the county at large, the fact that a majority of the legal voters in the county and in each precinct thereof vote against the sale of liquor does not affect the status of a city within the county that had previous to the county election voted in favor of the sale of such liquors ,unless at the election held for the entire county a majority of the legal voters voting in such

city voted against the sale. There is nothing in this record to show how the voters in Clay City voted upon this question at the county election. Therefore, under the plain reading of the statute, the election held in the county did not affect the right to sell liquor in Clay City, authorized by the election held therein in 1896, and appellant was entitled to the relief prayed for.

Wherefore the judgment is reversed, with directions to proceed in conformity with this opinion.